IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

CHARLIE BYAS, Jr.              )
                               )
          Plaintiff,           )
                               )
     v.                        )          09 c 6533
                               )
PRAIRIE MANAGEMENT AND         )
DEVELOPMENT CORPORATION,       )
                               )
          Defendant.           )

                        MEMORANDUM ORDER

     This Court has received assignment of the captioned action as one of the cases transferred to its calendar on the departure of its former colleague Honorable Wayne Andersen. At that time the action had previously been referred by Judge Andersen to Magistrate Judge Martin Ashman to hold all proceedings related to discovery supervision, a situation that had been in place throughout the year 2010. But at the end of September 2010 Judge Ashman determined that all matters relating to the referral had been resolved and accordingly returned the case to the district court calendar.

     This Court has since requested and received copies of the Charge of Discrimination filed by, and of the right-to-sue letter received by, plaintiff Charlie Byas, Jr. ("Byas"), and it has also reviewed Byas' Complaint and the answer filed by named defendant Prairie Management and Development Corporation ("Prairie"). What the file reveals in part is a question whether Byas has properly designed Prairie as the defendant, a question

that was raised by Prairie's Answer but has not thereafter been addressed in any later pleading.

With no disrespect to its former colleague intended, this Court consistently adopts a different policy in dealing with pro se litigants who have advanced facially viable claims.[1] Its experience has been that everyone involved in litigation -- every pro se plaintiff, every defendant and the court itself -- is better served when there are counsel on both sides of the "v." sign. So it almost always appoints counsel from this District Court's trial bar in such situations.

That seems clearly appropriate here under the circumstances, not only because of the unanswered question as to the proper party defendant but also because appointed counsel might also find that other issues not raised before now may need attention. This Court has accordingly obtained the name of the following member of the trial bar to represent Byas:

> Eileen M. Sethna
> Querrey & Harrow, Ltd.
> 175 W. Jackson Boulevard, suite 1600
> Chicago, IL 60604-2827
> (312) 540-7000
> e-mail: esethna@querrey.com

Appointed counsel is advised that the next status hearing before this Court is set for 9 a.m. November 30, 2010, and counsel will

---

[1] At the very outset of the case, Judge Andersen had granted Byas' application to proceed in forma pauperis, but at the same time he denied Byas' motion for appointment of counsel because "Mr. Byas seems capable of representing himself."

be expected to bring himself/herself up to speed before that date to facilitate a meaningful status hearing.

_____
Milton I. Shadur
Senior United States District Judge

Dated: November 18, 2010